UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA NAVARRO, BENJAMIN
KOMITA, JADEN KREKOW,
KYLE STEWART, MASON
YASKOVIC, THOMAS FRANCIS,
BRYCEN HANER, RYAN
ZERNEKE, DAVID ADLER, ERIK
LAARI, and REESE VAN PUTTEN,

        Plaintiffs,

v.                                                            Case No: 6:22-cv-1950-CEM-EJK

FLORIDA INSTITUTE OF
TECHNOLOGY, INC.,

        Defendant.

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion for Leave to file a Proposed Protective Order (the "Motion"), filed May 3, 2023 (Doc. 73), and the Court's May 19, 2023, Order granting the Motion. (Doc. 75.) Pursuant to Defendant's Notice of Filing Proposed Protective Order (Doc. 76), the Court finds and rules as follows:

WHEREAS, Defendant is subject to the Family Educational Rights and Privacy Act of 1974 ("FERPA"), and FERPA and its regulations provide that prior consent of a student is not required to disclose information when "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders

or subpoenas in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. § 1232g(b)(2)(B); *see also* 34 CFR § 99.31(a)(9)(i), (ii);

WHEREAS, Plaintiffs have served discovery requests on Defendant in this action that seek the production of current and former students' education records (the "FERPA Protected Documents");

WHEREAS, Defendant objects to the production of any requested FERPA Protected Documents without first providing the required written notice to each student and affording them the opportunity to object or consent to the production of their FERPA Protected Documents;

WHEREAS, the parties agree that FERPA protects disclosure of a student's education records, but this does not include information that would otherwise fall under the definition of "directory information."

WHEREAS, the parties agree that non-FERPA Protected Documents are not subject to this Order but are instead subject to the existing confidentiality agreement between the parties;

WHEREAS the parties have agreed, by and through their undersigned attorneys, to a set of procedures and rules governing the production, handling and use of certain confidential information, including FERPA Protected Documents, but require an Order to govern the production of FERPA Protected Documents.

Accordingly, it is **ORDERED** as follows:

1. Before producing any FERPA Protected Documents, Defendant will make reasonable efforts to notify the third-party student so that the third-party student may seek protective action. Defendant shall not produce to Plaintiffs any FERPA Protected Documents unless (a) fourteen (14) days expires after the third-party student is sent written notice and (b) the third-party student has not filed a motion for a protective order. If a third-party student files a motion for a protective order, FERPA Protected Documents related to that third-party student shall not be produced until the Court resolves that motion.

2. FERPA Protected Documents shall be governed in every respect by the parties' existing confidentiality agreement, save for the following modifications: within thirty days following the termination of this action and any related proceedings and appeals, any person in possession of FERPA Protected Documents marked Confidential shall either (1) return such material to counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatory to this Order and counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to FERPA

Protected Documents marked Confidential, with such papers remaining subject to the terms and conditions of this Order.

3.  This Order does not compel either party to respond to any discovery request served by the other party, and does not waive either party's right to object to all or part of a discovery request served by the other party.

**DONE** and **ORDERED** in Orlando, Florida on May 25, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

- 4 -