UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:22-CV-01950-CEM-EJK

JOSHUA NAVARRO et al., and on
behalf of similarly situated individuals,

      Plaintiffs,

v.

FLORIDA INSTITUTE OF TECHNOLOGY,
INC., a Florida corporation,

      Defendant.

_____/

**JOINT MOTION FOR
CLASS CERTIFICATION**

## I.      INTRODUCTION

On June 2, 2023, Plaintiffs filed a Motion for Class Certification [DE #78] and supporting documents ("Plaintiffs' Motion"). Plaintiffs reached out to Defendant Florida Institute of Technology, Inc. ("Florida Tech") prior to moving for class certification to determine if an agreement could be reached but the parties were unable to do so. Plaintiffs subsequently filed their motion seeking class certification.

Florida tech subsequently agreed that its consent to class certification would preserve the resources of both the Court and the parties, and will streamline the litigation.  Accordingly, Florida Tech consents to class certification as sought in the Plaintiffs' Motion, and hereby joins Plaintiffs' Motion for Class Certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). More specifically, the Parties join in seeking a Court Order:

1. Certifying a class defined as follows:

   All present and future male students at the Florida Institute of Technology, Inc. who participate or will participate in intercollegiate athletics and are thus entitled to: (1) the allocation of athletic participation opportunities; (2) the allocation of benefits provided to varsity athletes; and (3) the allocation of student financial aid to varsity athletes, in compliance with the requirements of 20 U.S.C. § 1681 *et. seq.* (Title IX).

2. Appointing the named Plaintiffs as representatives of the class; and

3. Appointing Arthur T. Schofield, James C. Larew, and Claire M. Diallo, as class counsel, pursuant to Fed. R. Civ. P. 23(g).

Florida Tech does not join in—and expressly preserves its arguments with respect to—the legal conclusions in Plaintiffs' Motion to the extent that they were intertwined with the merits, *see Nelson v. United States Steel Corp.*, 709 F.2d 675, 679-80 (11th Cir. 1983) ("[E]vidence relevant to the commonality requirement is often intertwined with the merits."), and otherwise preserves all of its defenses available in this case.  Plaintiffs maintain their arguments with respect to the same but join in this Motion with Florida Tech to the extent that it agrees with certification of the proposed class.  As described further below, Florida Tech does not contest that the requirements of 23(a) and 23(b)(2) have been met with respect to Plaintiffs' civil rights claims pursuant to Title IX of the Educational Amendments of 1972 (20 U.S.C. § 1681 *et. seq.*) ("Title IX").

## II.    ARGUMENT

The Parties submit this Joint Motion for Class Certification. Specifically, Florida Tech joins Plaintiffs' Motion with respect to the standard applicable to class certification pursuant to Rule 23(a), and does not contest that all subparts have been met:

(1)  The class is so numerous as to make joinder impracticable;

(2)  There are common questions of fact and law to the class;

(3)  The claims of the Plaintiffs are typical of those of the class; and

(4)  Plaintiffs and their representatives will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Florida Tech further agrees that in the event that the Plaintiffs prevail on the allegations alleged in their Amended Complaint, the Court could find that it has acted "on grounds that apply generally to the class, so that final injunctive relief" would apply to the class as a whole. Fed. R. Civ. P. 23(b)(2). Florida Tech further agrees that the class is "adequately defined and clearly ascertainable." *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1302-03 (11th Cir. 2021). Therefore, the Parties jointly move the Court to exercise its discretion to certify this 23(b)(2) class. *See Freeman v. Motor Convoy, Inc.* 700 F.2d 1339, 1347 (11th Cir. 1983) (holding that class certification questions are left to the district court's sound discretion).

## III.    CONCLUSION

**WHEREFORE**, based on the foregoing, the Parties jointly move this Court

for entry of an Order:

1.    Certifying claims one, two, and three of this litigation as a class action pursuant to Fed. R. Civ. P 23(a) and 23(b)(2) on behalf of a class defined as follows:

> All present and future male students at the Florida Institute of Technology, Inc. who participate or will participate in intercollegiate athletics and are thus entitled to: (1) the allocation of athletic participation opportunities; (2) the allocation of benefits provided to varsity athletes; and (3) the allocation of student financial aid to varsity athletes, in compliance with the requirements of 20 U.S.C. § 1681 *et. seq.* (Title IX).

2.    Appointing counsel from Arthur T. Schofield, P.A., and the Larew Law Office as class counsel, pursuant to Fed. R. Civ. P. 23(g);

3.    Appointing the named Plaintiffs as representatives of the class; and

4.    Granting such other relief as the Court deems just.

_____

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of July, 2023, the foregoing

document was filed with the Court's CM/ECF system, which will send a notice of

electronic filing to all counsel of record.

/s/Arthur Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
330 Clematis Street, Suite 207
West Palm Beach, FL 33401
(561) 655-4211
Fla. Bar No. 984434
aschofield@flalabor.com

James C. Larew, Esq.
Claire M. Diallo, Esq.
LAREW LAW OFFICE
504 E. Bloomington Street
Iowa City, IA 52245
(319) 337-7079
James.Larew@LarewLawOffice.com
Claire.Diallo@LarewLawOffice.com

ATTORNEYS FOR PLAINTIFF

/s/ Jeffrey Knight
**BRICKER GRAYDON LLP**
Matthew D. Gurbach (*admitted phv*)
(Ohio Bar No. 0076707)
Kasey Nielsen (*admitted phv*)
(Ohio Bar No. 0101069)
1350 Euclid Avenue, Suite 650
Cleveland, Ohio  44115
t: 216.523.5405
f: 216.523.7071
mgurbach@bricker.com
knielsen@bricker.com

mgurbach@brickergraydon.com
knielsen@brickergraydon.com

/s/
**GRAY | ROBINSON, P.A.**
Richard L. Barry  (360650)
Richard E. Mitchell  (168092)
301 East Pine Street, Suite 1400
Orlando, Florida  32802
t: (407) 843-8880
f: (407) 244-5690
richard.barry@gray-robinson.com
rick.mitchell@gray-robinson.com

*Co-Counsel for Florida Institute of Technology, Inc.*

Drew Campbell (*admitted phv*)
(Ohio Bar No. 0047197)
Jeffrey Knight (*admitted phv*)
(Ohio Bar No. 0086649)
100 South Third Street
Columbus, Ohio  43215
t. 614.227.2300
f. 614.227.2390
dcampbell@brickergraydon.com
jknight@brickergraydon.com

*Co-Counsel for Florida Institute of*
*Technology, Inc.*


ATTORNEYS FOR DEFENDANT