UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA NAVARRO, BENJAMIN
KOMITA, JADEN KREKOW,
KYLE STEWART, MASON
YASKOVIC, THOMAS FRANCIS,
BRYCEN HANER, RYAN
ZERNEKE, DAVID ADLER, ERIK
LAARI, and REESE VAN PUTTEN,

             Plaintiffs,

v.                                         Case No: 6:22-cv-1950-CEM-EJK

FLORIDA INSTITUTE OF
TECHNOLOGY, INC.,

             Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court on the Joint Motion to Certify Class (the "Motion"), filed July 13, 2023. (Doc. 83.) Upon consideration, I respectfully recommend that the Motion be granted.

### I.    BACKGROUND

On June 28, 2022, Defendant Florida Institute of Technology, Inc.'s ("FIT") Department of Athletics announced it would be terminating its intercollegiate rowing, cross-country, and golf programs. (Doc. 71 ¶¶ 29, 30.) These cuts resulted in FIT's alleged noncompliance with its Title IX obligations to provide male and female students with the same athletic opportunities and scholarships "in proportion to their respective full-time student body enrollment percentages." (Id. ¶¶ 34–36.) Plaintiffs

allege that FIT provided female students with "far more athletic opportunities . . . more scholarship dollars and better treatment" compared to undergraduate male student athletes. (*Id.* ¶ 35.) In fact, for the 2020-21 academic year, men represented 69% of the undergraduate population but only accounted for 58.7% of student athletes. (*Id.* ¶ 37.) Plaintiffs calculate that "more than 120 opportunities . . . were not being, but should have been, provided to men." (*Id.*)

On April 17, 2023, Plaintiffs Joshua Navarro, Benjamin Komita, Jaden Krekow, Kyle Steward, Mason Yaskovic, Thomas Francis, David Adler, Reese Van Putten, Brycen Haner, Ryan Zerneke, and Erik Laari, on behalf of similarly situated individuals referred to as "Student Athletes," filed a four-count class action complaint against FIT, alleging violations of Title IX, 20 U.S.C. § 1681 (Counts I, II, III, and IV). (*Id.*) The Complaint alleges that FIT, in violation of Title IX, failed to provide equal opportunity and equal treatment to male undergraduate athletes, as compared to the opportunities provided to its female undergraduate athletes. (*See id.*) Plaintiffs are male student athletes that claim to be adversely affected by the actions taken by FIT's Department of Athletics. (*Id.*)

On February 17, 2023, this Court granted Plaintiffs' Motion for Preliminary Injunction. (Doc. 61.) Therein, FIT was preliminary enjoined from "taking any action in furtherance of eliminating the men's rowing team or any men's intercollegiate athletic team at the institution pending a full trial on the merits or until the Court orders otherwise." (*Id.* at 23.) Plaintiffs now seek an order certifying this action as a class action. (Doc. 83.)

## II.    STANDARD

Federal Rule of Civil Procedure 23(a) requires the movant to demonstrate the following when moving for class certification: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These prerequisites are commonly referred to as the "numerosity, commonality, typicality, and adequacy of representation" requirements.

After meeting the requirements of Rule 23(a), the party seeking class certification must establish at least one of the alternative requirements of Rule 23(b). *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003). Here, Plaintiffs seek certification of a Rule 23(b)(2) class, which is permitted when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). The Eleventh Circuit has also required the class representative to have standing to sue and the proposed class to be adequately defined and clearly ascertainable. *See Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("[P]rior to the certification of a class . . . the district court must determine that at least one named class representative has Article III standing to raise each class subclaim"); *see also Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016).

## III.    DISCUSSION

The parties seek to certify the following class:

> All present, prospective, and future male students at FIT who are harmed by and want to end FIT's sex discrimination in: (a) the allocation of athletics participation opportunities; (b) the allocation of athletics financial assistance; (c) the allocation of benefits provided to varsity athletes; and all males who are deterred from enrolling at FIT because of the sex discrimination in its athletics program.

(Docs. 78 at 25, 83 at 2.) Although Defendant consents to class certification, the undersigned will nevertheless review the Rule 23 elements in turn.

### A. Standing

Plaintiffs must demonstrate Article III standing to pursue each of the claims asserted in the complaint. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). This requires Plaintiffs to establish that they: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Further, "[t]o have standing to represent a class, a party must not only satisfy the individual standing prerequisites, but [] also [must] be part of the class and possess the same interest and suffer the same injury as the class members." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008) (internal quotation marks omitted). Therefore, the Court must determine that at least one named class representative has Article III standing to raise each class claim or subclaim. *Prado–Steiman*, 221 F.3d at 1279.

Notably, the Motion does not address or cite evidence to establish standing. However, the allegations of the Amended Complaint as summarized above demonstrate that Plaintiffs meet the requirements of standing. They allege harm pursuant to Title IX— the denial of equal access and opportunity to FIT athletics programs. This harm is fairly traceable to the decisions of Defendant's Department of Athletics. And the harm is likely to be redressed by the declaratory and injunctive relief that Plaintiffs seek on behalf of all present and future FIT male students. (*See* Doc. 71.) The named Plaintiffs are part of the proposed class of male athletes affected by Defendant's decision to eliminate specific athletic programs. Plaintiffs possess the same interest in "expanding opportunities for male participation in varsity sports at FIT." (Doc. 78 at 19.)    Accordingly, the undersigned recommends finding that Plaintiffs have sufficient standing to pursue the class claims.

## B.  Is the Class Adequately Defined and Clearly Ascertainable?

"Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable.'" *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). "A class is ascertainable if membership is based on objective criteria." *Mount v. Pulte Home Co., LLC*, No. 6:20-cv-2314-RBD-LRH, 2022 WL 3446217, at *2 (M.D. Fla. Aug. 17, 2022) (citing *Karhu v. Vital Pharm.*, 621 F.App'x 945, 946 (11th Cir. 2015)).

The undersigned recommends finding Plaintiffs' proposed class to be adequately defined and clearly ascertainable. Someone's status as a present, prospective, or future male student at FIT that would be harmed by FIT's alleged gender discrimination is "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Biediger v. Quinnipiac Univ.*, No. 3:09cv621, 2010 WL 2017773, at *8 (D. Conn. May 20, 2010) (quoting *Mike v. Safeco Ins. Co. of Am.*, 223 F.R.D. 50, 52-53 (D. Conn. 2004) (internal quotation marks omitted), *aff'd* 691 F.3d 85 (2d Cir. 2012) (certifying class of "all present and future" students who had been or would be harmed by alleged Title IX discrimination); *Cohen v. Brown Univ.*, 991 F.2d 888, 893 (1st Cir. 1993) (certifying class of "all present and future Brown University women students and potential students who participate, seek to participate, and/or are deterred from participating in intercollegiate athletics funded by Brown.") Therefore, the undersigned recommends that the Court find that the proposed class is ascertainable.

## C. Numerosity

A class action is appropriate "only if: (1) the class is so numerous that joinder of all members is impracticable . . ." Fed. R. Civ. P. 23(a)(1). "As a general rule . . . more than forty class members will be adequate to meet the numerosity requirement, while fewer than twenty-one class members will be inadequate." *Mills v. Foremost Ins. Co.*, 269 F.R.D. 663, 670 (M.D. Fla. 2010) (citing *Cox v. Am Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)).

In the instant proposed class, Plaintiffs seek to represent future or prospective student athletes, which demonstrates the impracticability of joinder. *Armstead v. Pingree*, 620 F. Supp. 273, 279 (M.D. Fla. 1986) ("[t]he joinder of unknown persons is clearly impracticable.") Moreover, Plaintiffs satisfy the numerosity requirement because 45 athletes (22 rowers, 12 cross-country runners, and 11 golfers) participated on the men's teams that were cut in 2022. (Doc. 78 at 14.) Accordingly, the undersigned recommends finding that the proposed class meets the numerosity requirement of Rule 23(a).

### D. Commonality

Commonality requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this element, the class members' "claims must depend upon a common contention," and that common contention "must be of such a nature that it is capable of classwide resolution." *Sliwa v. Bright House Networks, LLC*, 333 F.R.D. 255, 273–74 (M.D. Fla. 2019) (quoting *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 350 (2011) (internal quotations omitted)).

Plaintiffs purport that, pursuant to Title IX, there are common issues that relate to the class: "(1) whether [FIT] provides equal athletic participation opportunities [for men]; (2) whether [FIT] provides equal athletic scholarships or financial assistance [to men]; and (3) whether [FIT] provides equal treatment and benefits [to men]." (Doc. 78 at 15.) Accordingly, there are common factual questions related to the class that include, but are not limited to:

(1) Whether FIT provides male varsity athletic opportunities that are substantially proportionate to the male enrollment at FIT;

(2) Whether online student enrollment can count for the purpose of Title IX analysis;

(3) whether FIT violates Title IX in its allocation of varsity sport opportunities;

(4) whether FIT has provided equal athletic financial aid to men or violated Title IX in the provision of the same;

(5) whether the other allocation of benefits and treatment to men's teams as a whole (as compared to women's teams) complies with Title IX;

(6) whether Plaintiffs are entitled to injunctive relief requiring Defendant to create more varsity opportunities for male students at FIT.

(*Id.* at 16.)

Based on these representations, which accord with the Amended Complaint and the arguments made in support of the preliminary injunction (Doc. 28), the undersigned recommends finding that Plaintiffs have satisfied the commonality requirement. The determination of whether FIT violated Title IX "will resolve an issue that is central to the validity of each one of the [class members'] claims in one stroke." *Wal-Mart*, 564 U.S. at 350.

### E. Typicality

The third prong of Rule 23(a) requires Plaintiffs to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This prerequisite focuses on determining whether there is a sufficient nexus between the class representative's claims and those of the class at large. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008). Specifically, the "class representative must possess the same interest and suffer the same injury as

the class members in order to be typical under Rule 23(a)." *Id.* There is a sufficient nexus if the class representatives' claims and the potential class members' claims arise from the same event, pattern, or practice and are based on the same theories. *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012).

The named Plaintiffs' claims are typical of the putative class. Their claims involve identical Title IX allegations: (1) the denial of equal opportunity to participate in varsity intercollegiate athletics at FIT; (2) the denial of athletics financial assistance; and (3) the denial of equal allocation of the treatment and benefits provided to varsity athletes at FIT. (Doc. 78 at 19.) If the named Plaintiffs prevail on their claims, the class would necessarily prevail on the class claims. As such, the undersigned recommends finding that the proposed class meets the typicality requirement of Rule 23(a).

### F. Adequacy of Representation

The final Rule 23(a) element requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy refers to both the named plaintiffs and the lawyers who intend to serve as class counsel. *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003). The analysis has two separate inquiries: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co.*, 350 F.3d at 1189.

Plaintiffs assert that there is no conflict of interest between the named Plaintiffs and the proposed class members and that they have the same economic interests and objectives. (Doc. 78 at 20.) Plaintiffs have and will continue to vigorously prosecute

this action, as evidenced by their sought after and obtained preliminary injunction. (*Id.* at 21; Doc. 21.) Plaintiffs further assert that Plaintiffs' counsel has many years of experience in litigating class actions, and that, specifically, Attorneys Larew and Diallo "have litigated several Title IX cases in federal court throughout the country over the past several years."[1] (Doc. 78 at 21.) Upon review of the record in this case, the undersigned finds no reason to question the adequacy of representation of the proposed class.

### G. Rule 23(b) and Necessity

After making the prerequisite showing for a class action, Plaintiffs must also demonstrate that this action falls within the categories identified in Rule 23(b). *Diaz v. Hillsborough Cnty Hosp. Auth.*, 165 F.R.D. 689, 694 (M.D. Fla. 1996). Certification of a class may be appropriate where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). This subsection was "intended primarily to facilitate civil rights class actions, where the class representatives typically sought broad injunctive relief against discriminatory practices." *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1154 (11th Cir. 1983) (quoting *Penson v. Terminal Trans. Co.*, 634 F.2d 989, 993

---

[1] Attorneys James C. Larew and Claire M. Diallo became involved in Title IX litigation and representation in 2020. (Docs. 78-7 ¶ 10, 78-8.) Counsel have successfully represented student athletes against the University of Iowa and University of Connecticut, obtaining injunctive relief in each case. (Docs. 78-7 ¶¶ 11, 14, 78-8 ¶ ¶ 9, 11.)

(5th Cir. 1981)).

As previously noted, Defendant does not contest Plaintiffs' attempt to certify a class under Rule 23(b)(2). (Doc. 83.) The remedy sought is injunctive relief against allegedly discriminatory practices that affect the ability of past, present, and future FIT male students to receive equal athletic opportunities. (*See* Doc. 78.) The requirements of Rule 23(b)(2) are "almost automatically satisfied in actions primarily seeking injunctive relief." *Hughes v. Judd*, No. 8:12-cv-568-T-23MAP, 2013 WL 1821077, at *25 (M.D. Fla. March 27, 2013) (quoting *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 59 (3d Cir. 1994)). Accordingly, the undersigned recommends that the Court find that a Rule 23(b)(2) class action is appropriate.

## IV.   RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Joint Motion to Certify Class (Doc. 83) be **GRANTED**.

## <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on August 23, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE