UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:22-CV-01950-CEM-EJK

JOSHUA NAVARRO et al., and on
behalf of similarly situated individuals,

    Plaintiffs,

v.

FLORIDA INSTITUTE OF TECHNOLOGY,
INC., a Florida corporation,

    Defendant.
_____/

**DECLARATION OF ARTHUR SCHOFIELD, ESQ.**

I, ARTHUR SCHOFIELD, pursuant to 28 U.S.C. § 1746, hereby execute this Declaration and state as follows:

1.    My name is Arthur Schofield. I am currently the sole shareholder in the law firm of Arthur T. Schofield, P.A. and have held this position for just shy of twenty years.

2.    On October 24, 2022, I, along with co-counsel Claire Diallo and James Larew, filed a lawsuit on behalf of the Plaintiffs in the above titled action against the Florida Institute of Technology, alleging that it was in violation of Title IX of the Educational Amendments of 1972 (20 U.S.C. § 1681 et seq.) ("Title IX").

3. On December 19, 2022, a Motion for Preliminary Injunction [DE #28] was filed on behalf of the then-named Plaintiffs.

4. Upon request of the Plaintiffs, the Court set the Motion for Injunction for oral argument and an evidentiary hearing for February 1, 2023. *See* Endorsed Order [DE #40].

5. As a result of the evidence and argument presented at the hearing, the Court entered an Order Granting the Motion for Preliminary Injunction [DE #61] on February 17, 2023.

6. Soon thereafter the parties engaged in preliminary and intentionally truncated discovery to allow for an early mediation, which took place on May 15, 2022. *See,* Mediation Report [DE #74].

7. Following the declaring of an impasse at the mediation, the parties engaged in the full scope of discovery with the Plaintiff propounding detailed and exhaustive interrogatories, requests for production, requests for admissions to which Florida Tech responded, and scheduled and/or made efforts to schedule eleven depositions. Five of those depositions were scheduled and the remaining were being worked on to secure convenient dates and times.

8. During the course of discovery, the parties maintained a dialogue in an effort to resolve the litigation.

9. Also during the discovery phase, the parties filed their Joint Motion to Certify Class [DE #83], which was conditionally granted by the Magistrate Judge's Report and Recommendation [DE #84], and was subsequently adopted in the Court's Order [DE #86] entered on September 13, 2023.

10. Settlement discussions between the parties continued from the conclusion of the impasse of the mediation through to just recently, September 14, 2023, when the parties were able to reach an agreement on all settlement terms. That agreement was formalized and signed by all parties on September 24, 2023.

11. The Plaintiffs' attorneys' fees and costs are part of the final agreement executed by the parties but that issue was agreed upon after the parties agreed upon the relief to the Plaintiffs.

12. The reaching of this agreement was facilitated by the production and review of thousands of documents and the exhaustive answers to interrogatories and responses to requests for admissions provided by the Defendant, Florida Institute of Technology.

13. The agreement was reached just days before the first scheduled deposition was to take place.

14. The settlement reached was the result of intensive, arm's-length negotiations between the parties' counsel, each who have extensive class action

litigation experience and who have knowledge of the legal and factual issues involved in this matter.

15. All settlement discussions were conducted at arm's-length without collusion or any illegality.

16. Plaintiffs' counsel recommends this settlement as fair, adequate, and reasonable.

I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING TO BE TRUE AND CORRECT.

Executed on this 10th day of October 2023.

/s/Arthur Schofield, Esq.